UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-CV-21584-Huck-O'Sullivan

ADRIAN RIZO AND ARIEL RIZO and all )
others similarly situated under 29 USC )
216(B), )
      Plaintiffs )
vs. )
)
FLORIDA FIRE STOPPING, INC. )
GASTON ALONSO, JR. )
GASTON H. ALONSO )
)
      Defendants )
)
_____ )

FILED by VT D.C.
ELECTRONIC

June 11, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT UNDER 29 U.S.C. 201- 216 –OVERTIME AND MINIMUM WAGE VIOLATION

COME NOW Plaintiffs, by and through undersigned counsel, and state:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for the Plaintiff for the relevant time period. The individual Defendants is/are a corporate officer or owner or manager of the Defendant Corporation who runs the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time

1

period.

4. All acts or omissions giving rise to this dispute took place in Dade County.

## FEDERAL STATUTORY VIOLATION (OVERTIME AND MINIMUM WAGE VIOLATION)

5. This action arises under the laws of the United States. Plaintiffs bring this complaint as a collective action under 29 U.S.C. 216(B).

6. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

7. 29 U.S.C. § 206 (a) (1) states " ..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". The Florida Constitution requires that a minimum wage of at least $7.21/hr. be paid currently and a minimum wage of, $6.79 and $6.67 for the relevant time periods for this lawsuit. Each Plaintiff's minimum wage claims are made pursuant to the Florida Constitution.

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate...."

9. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Plaintiffs were construction workers (caulking and insulation) while they worked for the Defendants. Both the Defendant's business and the each Plaintiffs work for the Defendant affected interstate commerce for the relevant time period. Plaintiff ARIEL RIZO began work for the Defendant on or about

2

04/10/05 until on or about 02/15/07. Plaintiff ADRIAN RIZO began work for the Defendant on or about 04/10/05 until on or about 06/23/07.  Each Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials that they used or transported on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs use of the same. Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs work for the Defendant. Additionally upon information and belief, the Defendant Corporations grossed over $500,000 annually for the relevant time period.

10. Plaintiffs  worked an average of 45-54  hours per week for Defendants for the time period stated above.

11. Plaintiffs were paid an average of $12.00 per hour per hour for the hours that they worked for the Defendants but were never paid minimum wages nor straight time wages nor overtime wages  as required by the Fair Labor Standards Act and Florida Constitution for  at least 5 hours of work per week.

12. Defendants willfully and intentionally refused to pay Plaintiffs the overtime wages, straight time wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiffs these minimum wages, straight time wages and overtime wages since the commencement of Plaintiffs' employment with Defendants as stated above.

3

13. The Defendants failed to post information apprising Plaintiffs of their federal wage rights for the time period stated above and in contravention of federal law requiring the posting of said information.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime and minimum wages still owing from Plaintiffs' entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act and/or the Florida Constitution--whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. Plaintiffs request a trial by jury.

Respectfully Submitted,

J.H Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71ST STREET #605
MIAMI BEACH, Fla. 33141
(305)865-6766

By:_/s/ JH Zidell
   JH Zidell, Esq.
   Florida Bar Number: 0010121

4

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS** Adrian Rizo and Ariel Rizo and all others similarly situated under 29 USC 216(b)

**DEFENDANTS** Florida Fine Shopping, Inc.; Gaston Alonso, Jr.; Gaston H Alonso

(b) County of Residence of First Listed Plaintiff: Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
J.H. Zidell, P.A.
300 Seventy First Street • Suite #605
Miami Beach, FL 33141

Attorneys (If Known)

(d) Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

1:09 CV 21584 Huck / O'Sullivan

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE                               DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
29 USC 201-216
LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD [signature]

DATE 6/9/09

FOR OFFICE USE ONLY
AMOUNT 350    RECEIPT # 198510    IFP